1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10

11  LODI MEMORIAL HOSPITAL          No.  2:14-cv-01865 JAM DAD
    ASSOCIATION, INC., a
12  California non-profit public
    benefit corporation,
13                                  **ORDER GRANTING PLAINTIFF'S**
                Plaintiff,          **MOTION TO REMAND AND DENYING**
14                                  **DEFENDANT'S MOTION TO DISMISS**
         v.
15
    AMERICAN PACIFIC CORPORATION,
16  a Nevada for profit
    corporation, and DOES 1
17  THROUGH 25, INCLUSIVE,

18                Defendant.

19

20       Defendant American Pacific Corporation ("Defendant") brings

21  this Motion to Dismiss Plaintiff Lodi Memorial Hospital

22  Association, Inc.'s ("Plaintiff") Complaint.  Plaintiff opposes

23  this Motion and requests that this Court, instead, remand this

24  case to the San Joaquin County Superior Court. For the following

25  reasons, Plaintiff's Motion to Remand is GRANTED and Defendant's

26  Motion to Dismiss is DENIED as moot.[1]

27  _____

28  [1] This motion was determined to be suitable for decision without
    oral argument.  E.D. Cal. L.R. 230(g).  The hearing was

1

I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

2       Plaintiff Lodi Memorial Hospital Association is a non-profit

3   public benefit California corporation.  Compl. ¶ 1.  Defendant is

4   a Nevada Corporation, which maintains a health plan for its

5   employees, pursuant to the Employee Retirement Income Security

6   Act ("ERISA").  Compl. ¶ 2.  See Branch v. Tunnell, 14 F.3d 449,

7   454 (9th Cir. 1994) ("documents whose contents are alleged in a

8   complaint and whose authenticity no party questions, but which

9   are not physically attached to the pleading, may be considered"

10  in ruling on a motion to dismiss).  At all relevant times,

11  Patient J.P. was an employee of Defendant, and was an enrolled

12  beneficiary in Defendant's ERISA health plan.  Compl. ¶ 7.

13  Defendant "provided, arranged, and/or paid for healthcare

14  services for its beneficiaries and/or members, including

15  Patient."  Compl. ¶ 8.

16      On July 1, 1990, Plaintiff entered into a written agreement

17  (the "Agreement") with CAPP Care, Inc. ("CAPP Care").  Compl.

18  ¶ 9.  Pursuant to the Agreement, CAPP Care would "execute

19  contracts with 'Payor' organizations offering health care

20  insurance."  Compl. ¶ 10.  Defendant was one of these "Payor"

21  organizations.  Compl. ¶ 10.  Pursuant to the Agreement,

22  Plaintiff would render medical care to beneficiaries, including

23  Patient J.P., of "Payor" organizations.  Compl. ¶ 11.  In

24  exchange, CAPP Care "agreed to 'bind' 'Payor' organizations to

25  pay" Plaintiff pursuant to the terms of the Agreement.  Compl.

26  ¶ 12.  Also pursuant to the Agreement, Plaintiff agreed to submit

27

28  scheduled for September 17, 2014.

2

1    its bills to Defendant, which would then pay for medical services

2    rendered by Plaintiff.  Compl. ¶ 13.

3        From March 19, 2013 to March 26, 2013, Plaintiff rendered

4    medical services to Patient J.P.  Compl. ¶ 14.  Plaintiff alleges

5    that it billed Defendant for the services rendered to Patient

6    J.P., but Defendant failed to pay the entirety of the amount,

7    leaving a balance of $302,177.75.  Compl. ¶¶ 15-19.

8        Defendant contends that, under the terms of the Agreement,

9    its obligation to pay Plaintiff for services rendered to Patient

10   J.P. was linked to the employee benefit plan maintained by

11   Defendant for its employees under ERISA.  Mot. at 2.

12   Specifically, Defendant contends that the Agreement only provides

13   that Defendant would pay Plaintiff for services which are covered

14   under the ERISA plan.  Mot. at 2.  Defendant maintains that the

15   only services it failed to pay for were those that were not

16   covered under Patient J.P.'s ERISA plan.

17       On April 8, 2014, Plaintiff filed the complaint in San

18   Joaquin County Superior Court.  On August 7, 2014, Defendant

19   removed the matter to this Court.  The complaint includes the

20   following causes of action: (1) breach of written contract;

21   (2) quantum meruit; and (3) breach of statutory duty – violation

22   of California Health and Safety Code § 1371.4.

23

24                      II.   OPINION

25       A.   Judicial Notice

26       Defendant requests that the Court take judicial notice of

27   the "California Department of Managed Health Care's website which

28   lists all licensed Knox-Keene Act plans[.]"  Defendant's Request

1   for Judicial Notice ("DRJN") (Doc. #18) at 1.  Plaintiff does not

2   oppose Defendant's request.

3        Generally, the Court may not consider material beyond the

4   pleadings in ruling on a motion to dismiss.  However, the Court

5   may take judicial notice of matters of public record, provided

6   that they are not subject to reasonable dispute.  See, e.g.,

7   Sherman v. Stryker Corp., 2009 WL 2241664 at *2 (C.D. Cal. 2009)

8   (citing Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir.

9   2001) and Fed. R. Evid. 201).

10        The website contains information drawn from the public

11   records of a state agency – the California Department of Managed

12   Health Care.  Plaintiff has also not opposed Defendant's request,

13   and the information is not subject to reasonable dispute.

14   Therefore, it is the proper subject of judicial notice.  See Fed.

15   R. Evid. 201.  Defendant's request is granted.

16        B.   Evidentiary Objections

17        Plaintiff raises a number of evidentiary objections (Doc.

18   #14) to the Stratton Declaration (Doc. #10), submitted in support

19   of Defendant's motion to dismiss, and moves to strike the

20   offending passages.  Plaintiff's objections are based on

21   relevance, lack of foundation, lack of personal knowledge, and

22   speculation.  At this early stage in the proceedings, these

23   objections are premature, and are better saved for argument

24   within the briefs.  See Burch v. Regents of Univ. of California,

25   433 F.Supp.2d 1110, 1119 (E.D. Cal. 2006).  Accordingly,

26   Plaintiff's evidentiary objections are overruled and Plaintiff's

27   motion to strike is denied.

28

4

1          C.    Legal Standard

2          Generally, a state civil action is removable to federal

3    court only if it might have been brought originally in federal

4    court.  See 28 U.S.C. § 1441.  This "original jurisdiction" may

5    be based either on diversity of the parties, or on the presence

6    of a federal question in the state court complaint.  On removal,

7    the removing defendant bears the burden of proving the existence

8    of jurisdictional facts.  See Gaus v. Miles, Inc., 980 F.2d 564,

9    566 (9th Cir. 1992).

10         Federal question jurisdiction is governed by the "well-

11   pleaded complaint rule."  This provides that subject matter

12   jurisdiction is proper only when a federal question appears on

13   the face of a proper complaint.  See, e.g., Caterpillar Inc. v.

14   Williams, 482 U.S. 386, 392 (1987).  As a result, a plaintiff

15   "may avoid federal jurisdiction by exclusive reliance on state

16   law."  Id.  Further, a defendant cannot remove solely "on the

17   basis of a federal defense, including the defense of pre-emption,

18   even if the defense is anticipated in the plaintiff's complaint,

19   and even if both parties concede that the federal defense is the

20   only question truly at issue" in the case.  Id. at 393.

21         "There does exist, however, a corollary to the well-pleaded

22   complaint rule, known as the 'complete preemption' doctrine.  The

23   Supreme Court has concluded that the preemptive force of some

24   statutes is so strong that they 'completely preempt' an area of

25   state law.  In such cases, any claim purportedly based on that

26   preempted state law is considered, from its inception, a federal

27   claim, and therefore arises under federal law."  Balcorta v.

28   Twentieth Century-Fox Film Corp., 208 F.3d 1102, 1107 (9th Cir.

1  2000) (quoting Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58,

2  65 (1987)). In these cases, even a well-pleaded state law

3  complaint may be properly removed to federal court.

4      There are only a "handful of extraordinary situations" in

5  which "complete preemption" provides an adequate basis for

6  removal of a state complaint.  See Holman v. Laulo-Rowe Agency,

7  994 F.2d 666, 668 (9th Cir. 1993).  The Supreme Court has

8  identified only two federal acts whose preemptive force is so

9  "extraordinary" as to warrant removal of any "well-pleaded" state

10  law claim: (1) the Labor Management Relations Act, 29 U.S.C.

11  § 185(a) (see Caterpillar, 482 U.S. at 392); and (2) the Employee

12  Retirement Income Security Act, 29 U.S.C. § 1001 et seq. (see

13  Metropolitan Life Ins. Co., 481 U.S. at 65).

14      D.   Analysis

15          a.   ERISA Preemption

16      Two distinct forms of ERISA preemption exist: (1) "complete

17  preemption," and (2) "conflict preemption."  As noted by the

18  Supreme Court, a state law claim may be "completely preempted"

19  under ERISA because § 502(a) reflects Congress' intent to "so

20  completely pre-empt a particular area that any civil complaint

21  raising this select group of claims is necessarily federal in

22  character."  Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63-64

23  (1987).  The Ninth Circuit has held that a party seeking removal

24  can establish federal question jurisdiction by showing that a

25  state law claim is "completely preempted" by § 502(a) of ERISA.

26  Marin Gen. Hosp. v. Modesto & Empire Traction Co., 581 F.3d 941,

27  945 (9th Cir. 2009).  The Supreme Court has established a two-

28  prong test for complete preemption under § 502(a), which is

1    discussed below.  _Aetna Health Inc. v. Davila_, 542 U.S. 200, 210

2    (2004).

3         Conversely, an affirmative defense of "conflict preemption"

4    arises under § 514(a) of ERISA, when a provision of a state law

5    "relates to" an ERISA benefit plan.  _Marin_, 581 F.3d at 945.  The

6    Ninth Circuit has held that "a defense of conflict preemption

7    under § 514(a) does not confer federal question jurisdiction on a

8    federal district court."  _Id._ at 945.  Accordingly, federal

9    question jurisdiction does not exist in the present case unless

10   Plaintiff's state law claims are "completely preempted" by §

11   502(a) of ERISA.

12              b.   The _Davila_ Test

13        The Ninth Circuit has adopted the two-prong _Davila_ "complete

14   preemption" test: "Under _Davila_, a state-law cause of action is

15   completely preempted if (1) an individual, at some point in time,

16   could have brought [the] claim under ERISA § 502(a)(1)(B), and

17   (2) where there is no other independent legal duty that is

18   implicated by a defendant's actions."  _Marin_, 581 F.3d at 946

19   (citing _Davila_, 542 U.S. at 200).  As noted by the Ninth Circuit,

20   this test "is in the conjunctive."  _Id._ at 947.  In other words,

21   "[a] state-law cause of action is preempted by § 502(a)(1)(B)

22   only if both prongs of the test are satisfied."  _Id._ at 497.

23        Under the first prong of _Davila_, Defendant must establish

24   that Plaintiff "could have brought the claim under ERISA

25   § 502(a)(1)(B)."  _Marin_, 581 F.3d at 947.  This section provides

26   that a civil action may be brought "by a participant or

27   beneficiary . . . to recover benefits due to him under the terms

28   of his plan, to enforce his rights under the terms of the plan,

1   or to clarify his rights to future benefits under the terms of

2   the plan."  29 U.S.C. § 1132.  In the present case, Plaintiff is

3   not an ERISA plan participant or a beneficiary; rather, Plaintiff

4   is a hospital.  Thus, at first blush, it appears that the first

5   prong of the Davila test is not satisfied, because Plaintiff

6   could not have "brought the claim under ERISA § 502(a)(1)(B)."

7   Marin, 581 F.3d at 946.

8         The Ninth Circuit has applied the first prong of Davila in a

9   factually analogous case.  Marin, 581 F.3d at 946.  In Marin, the

10  defendants similarly removed a plaintiff-hospital's state law

11  claims for breach of contract and quantum meruit, among others.

12  Id. at 943-44.  The plaintiff-hospital moved to remand, arguing

13  that its causes of action against the ERISA plan administrator

14  were not subject to complete preemption under § 502(a).  Id. at

15  944.  In applying the first prong of the Davila test, the Ninth

16  Circuit wrote as follows:

17        "[I]n the case before us the patient assigned to the
          Hospital any claim he had under his ERISA plan.
18        Pursuant to that assignment, the Hospital was paid the
          money owed to the patient under the ERISA plan.  The
19        Hospital now seeks more money based upon a different
          obligation.  The obligation to pay this additional
20        money does not stem from the ERISA plan, and the
          Hospital is therefore not suing as the assignee of an
21        ERISA plan participant or beneficiary under
          § 502(a)(1)(B).  Rather, the asserted obligation to
22        make the additional payment stems from the alleged
          oral contract between the Hospital and [defendant
23        ERISA plan administrator]."  Id. at 948.

24  Accordingly, the Ninth Circuit concluded that the first prong of

25  Davila was not satisfied and the hospital's claim was not

26  completely preempted.  Id. at 948. After Marin, it appears that a

27  plaintiff-hospital's state law claims only satisfy the first

28  prong of Davila if two criteria are met: (a) the patient has

                                   8

1  "assigned to the [h]ospital any claim he had under his ERISA

2  plan;" and (b) the alleged obligation of the ERISA plan

3  administrator to pay the plaintiff-hospital "stem[s] from the

4  ERISA plan."  Id. at 948.

5      In the present case, Defendant has not established that

6  Patient J.P. has "assigned to the [h]ospital any claim he had

7  under his ERISA plan."  Id. at 948.  In its Notice of Removal,

8  Defendant does not allege that such an assignment has occurred.

9  Nor does this argument appear in its Motion to Dismiss or Reply

10 briefs.  Arguing that Plaintiff's contractual claims are

11 necessarily based on the terms of the ERISA plan, Defendant has

12 only addressed the second element of the first-prong of the

13 Davila test: that Defendant's alleged obligation to pay Plaintiff

14 "stem[s] from the ERISA plan."  Marin, 581 F.3d at 948.  However,

15 the Ninth Circuit's opinion in Marin makes it clear that the

16 "assignment" of Patient J.P.'s rights under ERISA to Plaintiff is

17 a necessary element of the first prong of Davila.  Defendant's

18 failure to address the issue of "assignment" is fatal to its

19 argument, as the removing party bears the burden of proving the

20 existence of jurisdictional facts.  See Gaus v. Miles, Inc., 980

21 F.2d 564, 566 (9th Cir. 1992).

22     Briefly, the Court notes that Defendant's reliance on Lone

23 Star is misplaced.  Mot. at 7 (citing Lone Star OB/GYN Associates

24 v. Aetna Health Inc., 579 F.3d 525 (5th Cir. 2009)).  Although

25 Defendant maintains that Lone Star is "the controlling case," it

26 is an out-of-circuit case and is non-binding on the Court.  A

27 Ninth Circuit case is referenced in Lone Star, but that case does

28 not support the proposition for which it is cited.  See Lone

1   <u>Star</u>, 579 F.3d at 530 (citing <u>Blue Cross of California v.</u>

2   <u>Anesthesia Care Associates Med. Grp., Inc.</u>, 187 F.3d 1045 (9th

3   Cir. 1999)).  Given that there is a recent Ninth Circuit case

4   that is directly on point, the Court declines to follow the Fifth

5   Circuit's decision in <u>Lone Star</u>.

6       Having failed to satisfy the first prong of the <u>Davila</u> test,

7   none of Plaintiff's causes of action are subject to "complete

8   preemption" under ERISA § 502(a). See <u>Marin</u>, 581 F.3d at 947

9   (noting that the <u>Davila</u> test is "in the conjunctive").  As the

10  sole grounds for federal question jurisdiction was complete

11  preemption under ERISA § 502(a), Plaintiff's Motion to Remand is

12  GRANTED, as to all three causes of action in this matter.  The

13  Court need not reach the parties' remaining arguments.  Moreover,

14  as the matter is remanded to state court, Defendant's Motion to

15  Dismiss is DENIED as moot.

16

17                  III.   ORDER

18      For the reasons set forth above, the Court GRANTS

19  Plaintiff's Motion to Remand and finds that Defendant's Motion to

20  Dismiss is DENIED as moot.

21      IT IS SO ORDERED.

22  Dated: October 20, 2014

23

24                                   _____
                                     JOHN A. MENDEZ,
                                     UNITED STATES DISTRICT JUDGE
25

26

27

28